**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:WK

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 19, 2008

**VIA ECF**

Honorable Sandra J. Feuerstein
United States District Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY  11722

   Re: Juan Hernandez v. D.H.O. Garcia
    <u>Civil Docket No. 08 CV 1495 (SJF)</u>

Dear Judge Feuerstein:

   The government respectfully submits this memorandum of law in opposition to petitioner Juan Hernadez's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons set forth below, the petition should be denied.

   In his March 25, 2008 submission in support of the application ("Sub."), petitioner alleges that he was improperly sanctioned for an infraction of Bureau of Prisons Code 331, "Possession, Manufacture, or Introduction of a Non-hazardous Tool or Other Non-hazardous Contraband."  He argues that the finding against him at a July 10, 2007 discipline hearing was "without no evidence to support [it]," and that the resultant sanctions were "unfair."  Sub., p. 2.

---

  [1] Petitioner Hernandez is an inmate housed at MDC Brooklyn as a result of pleading guilty, on January 19, 2002, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922.

  Petitioner improperly names D.H.O. Garcia as Respondent.  Cameron Lindsay is the Warden at MDC Brooklyn and should be substituted as Respondent.

Petitioner requests that the Court "grant [him the] relief to which [he is] entitled." Id.  While the submission provides no more specificity, the government treats this as an application to expunge from the petitioner's prison record (1) the incident report underlying the July 10, 2007 finding, (2) the finding against him and (3) the punishment imposed pursuant to the finding.[2]

## STATEMENT OF FACTS

The petitioner is a pre-sentence inmate who, at all relevant times, has been housed at MDC Brooklyn ("MDC").  As such, he has been subject to Bureau of Prisons' policies and regulations regarding inmate discipline.  These set forth the sanctionable offense of:

> Possession, manufacture, or introduction of a non-hazardous tool or other non-hazardous contraband (Tool not likely to be used in an escape or escape attempt, or to serve as a weapon capable of doing serious bodily harm to others, or not hazardous to institutional security or personal safety; Other non-hazardous contraband includes such items as food or cosmetics)

28 C.F.R. § 541.13, Table 3 (Revised as of July 1, 2007), Code 302; Bureau of Prisons Program Statement Number 5270.07, Inmate Discipline & Special Housing Units, attached in pertinent part hereto as Ex. A.

The incident underlying this appeal occurred when MDC staff found contraband in the petitioner's cell.  As set forth in an incident report, no. 1616742 (the "Incident Report"), attached hereto as Ex. B:

> On July 4, 2007, at approximately 3:40 PM, while conducting a random shakedown of cell J05-703 in which inmates Hernandez, Juan #50461-054 and Perez, Edwin #69457-053 are

---

[2]     The petitioner explicitly requested expungement in two previous administrative appeals regarding this incident: a July 24, 2007 BP-10 (Regional Administrative Remedy Appeal) and a September 10, 2007 BP-11 (Central Administrative Remedy Appeal). Both appeals, and the subsequent denials, are enclosed in Attachment A to petitioner's submission ("Att. A").

> assigned to, I found 145 Newport brand
> cigarettes concealed behind the toilet paper
> holder.

Ex. B, § 11.  The Incident Report was written, and delivered to
the petitioner, on the same day as the contraband was found.  See
Ex. B, §§ 12, 16 and 17.

Two days later, on July 6, 2007, the petitioner
received a Unit Discipline Committee ("UDC") hearing.  At this
hearing, when provided an opportunity to comment on the July 4,
2007 incident, the petitioner stated, "No comment."  Id. at § 17.
The UDC then referred the matter to the Disciplinary Hearing
Officer ("DHO") for a further hearing ("DHO Hearing"),
recommending 15 days of disciplinary segregation and 10 months'
loss of visiting and commissary privileges.  Id. at §§ 18 and 20.
The petitioner was promptly advised of his DHO Hearing rights.
See July 6, 2007 Notice of Discipline Before the Discipline
Hearing Officer (Ex. C), and July 6, 2007 Inmate Rights At
Discipline Hearing (Ex. D).

Four days later, on July 10, 2007, the DHO Hearing took
place.  The petitioner, who was present, waived his right to a
staff representative.  He also called no witnesses.  See July 10,
2007 Discipline Hearing Officer Report ("DHOR"), § III.C.1 and 2
(Att. A).  At the hearing, petitioner stated, in summary:

> I was in my cell.  I saw the officer speaking
> with Perez.  The officer said I was good.
> They said they found cigarettes.  I have only
> been in that cell for about 3 weeks.  I
> wanted to move from that cell.  I thought
> someone had planted a knife.  I did not know
> that was there.

DHOR at § III.B.

After considering all the evidence, the DHO found,
based on "the greater weight of the evidence," that the
petitioner "committed the prohibited act of Code 331, possession,
manufacture, or introduction of non hazardous contraband."  Id.
at § V.  This finding was based upon the "Incident Report &
Investigation" and a photograph of the 145 cigarettes found
behind the toilet paper dispenser in the petitioner's cell.  Id.[3]

---

[3]     The DHO noted that (1) it was the petitioner's
responsibility to ensure his area be free and clear of

Accordingly, the DHO sanctioned the petitioner, as recommended by the UDC, with 15 days of disciplinary segregation and 10 months' loss of visiting and commissary privileges.  Id. at § VI.[4]  The DHOR was delivered to the petitioner on July 17, 2007, one week after the hearing.  See DOHR, § IX.D.

After receiving the above sanction, the petitioner filed a July 24, 2007 BP-10 (Regional Administrative Remedy Appeal), and a September 10, 2007 BP-11 (Central Administrative Remedy Appeal) challenging the DHO's finding.  These appeals were denied on August 23, 2007 and September 10, 2007, respectively.  Both appeals, and the subsequent written denials, are included as part of Attachment A to the petitioner's submission.

## ARGUMENT

## I.   The Determination of The DHO Was Supported by Sufficient Evidence

Despite the petitioner's allegation that his "due process right" was violated because the DHO's finding "was based on the officer's written statement without no evidence to support [the] finding" (Sub. at 2), the DHO's determination was based upon sufficient evidence.

It is well settled that the decision of a prison DHO is entitled to considerable deference by a reviewing court and the decision must be upheld if there is "some evidence" to support it.  Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 954 (2d Cir. 1986).  In announcing this standard, the Supreme Court stated that, in reviewing the findings of a prison disciplinary board, a court need not examine the complete record, assess the credibility of the witnesses, or weigh the evidence.  "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id. at 455-56.

---

contraband, and (2) the cigarettes were found in an area that was easily accessible to the petitioner.  Id.

[4]   The disciplinary segregation and the loss of privileges imposed on the petitioner are specified sanctions for an infraction of Bureau of Prisons Code 331.  28 C.F.R. § 541.13, Table 3.

Applying this standard, a DHO's determination has sufficient support if there is a "modicum" of evidence or "any" evidence in the record to support it. Homen v. Hasty, 229 F. Supp. 2d 290, 297 (S.D.N.Y. 2002) (citing Zavaro v. Coughlin, 970 F.2d 1148, 1148-49 (2d Cir. 1992)). Here, the evidence considered by the DHO at the hearing comprised the Incident Report and Investigation, a photograph of 145 Newport cigarettes, as well as the petitioner's own statement denying knowledge of the contraband that was found behind the toilet paper holder in his cell. See DHOR at § III. In reaching his determination, the DHO found that "the greater weight of the evidence" indicated that the petitioner committed the violation alleged. Id.

Contrary to the petitioner's assertion, the DHO's July 10, 2007 determination was supported by sufficient evidence. Accordingly, the petitioner's application should be denied.

## II. Petitioner Was Not Denied Any Procedure Required Under the Due Process Clause

The petitioner alleges, in the title of his application, that "This is a Prison Disciplinary Procedure where Due Process was Violated." Sub. at 2. Although not specified, should the Court construe this to allege a violation of the petitioner's general procedural due process rights, the Incident Report (Ex. B), DHOR (Att. A), Notice of Discipline Before the Discipline Hearing Officer (Ex. C), and Inmate Rights At Discipline Hearing (Ex. D) documentation demonstrate that petitioner was not denied any procedure required under the Due Process Clause.

The United States Supreme Court articulated the standards to be followed in prison disciplinary hearings in Wolff v. McDonnell, 418 U.S. 539 (1974). To safeguard due process, the following are required: (1) advance written notice of the disciplinary charges; (2) the opportunity, when consistent with institutional and correctional goals, to call witnesses and present documentary evidence on their behalf; and (3) a written statement from the fact finder as to the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-67

Since Wolff, the Bureau of Prisons ("Bureau") has established regulations setting forth the procedures for DHO hearings. See 28 C.F.R. § 541.10 et seq. (2000). These regulations substantially track the procedures set forth in Wolff, supra. In some respects, the regulations go beyond the constitutionally mandated procedures. Von Kahl v. Brennan, 855 F. Supp. 1413 (M.D. Pa. 1994).

5

Under the applicable regulations, when Bureau staff members have reason to believe that a prohibited act has been committed by an inmate, an incident report must be prepared and referred for investigation. 28 C.F.R. § 541.14. After investigation, the incident report is referred to a Unit Discipline Committee (UDC) for an initial hearing. 28 C.F.R. § 541.15. The UDC may either reach a finding whether a prohibited act was committed or refer the case to the Discipline Hearing Officer (DHO) for further hearing. 28 C.F.R. § 541.15(f). The DHO has the authority to dismiss any charge, to find a prohibited act was committed and to impose any available sanction for the act. 28 C.F.R. § 541.18.

The DHO hearing is conducted pursuant to the procedures set forth at 28 C.F.R. § 541.17. These procedures were designed to meet the due process requirements prescribed by Wolff, 418 U.S. 539. See Frankenberry v. Williams, 677 F. Supp. 793, 796-97 (M.D. Pa.), aff'd, 860 F.2d 1074 (3d Cir. 1988).

Specifically, the regulations require the Warden to give the inmate advance written notice of the charges no less than 24 hours before the DHO hearing. 28 C.F.R. § 541.17(a). Next, the Warden must provide the inmate with a full-time staff member to represent him/her at the DHO hearing. 28 C.F.R. § 541.17(b). At the DHO hearing, the inmate is entitled to make a statement and present documentary evidence. The inmate has the right to submit names of requested witnesses and have them called to testify and to present documents. The DHO shall call those witnesses who have information directly relevant to the charges and who are reasonably available. The DHO need not call repetitive witnesses or adverse witnesses. 28 C.F.R. § 541.17(c). The inmate has the right to be present throughout the DHO hearing except during deliberation or when institutional security would be jeopardized. 28 C.F.R. § 541.17(d). The DHO must consider all evidence presented at the hearing. The decision of the DHO must be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. 28 C.F.R. § 541.17(f). Finally, the DHO must prepare a record of the proceedings. This record must be sufficient to document the advisement of inmate rights, the DHO's findings, the DHO's decision and the specific evidence relied upon by the DHO. The record must include a brief statement of the reasons for the sanctions imposed. A copy of this record must be delivered to the inmate, ordinarily within 10 days of the hearing. 28 C.F.R. § 541.17(g).

In this case, as set forth in detail above, the petitioner was afforded all of the required procedures.  The record indicates that the petitioner was provided with advance written notice of the charges against him at least 24 hours prior to the DHO hearing.  See Incident Report (Ex. B) and Notice of Discipline Hearing Before the DHO (Ex. C).  The petitioner waived his right to witnesses prior to and at the hearing.  See Notice of Discipline Hearing Before the DHO (Ex. C) and DHO Report dated July 10, 2007 (Att. A).  The petitioner was present throughout the hearing and the decision of the DHO was based upon the greater weight of all of the evidence presented at the DHO hearing.  Id.  Finally, the petitioner was promptly provided with the written report of the DHO.  Id.

Accordingly, because there is no evidence to support a claim of procedural error, the application should be denied to the extent it alleges deficiency because of procedural due process violations.

### III. The Sanctions Imposed Were Proper and Not Contestable Under 28 U.S.C. § 2241

Beyond alleging that the sanctions imposed upon him pursuant to 28 C.F.R. § 541.13 (see n.4, above) were "unfair" (Sub. at 2), the petitioner has not alleged that the sanctions imposed upon him deprived him of a liberty interest or due process.  Similarly, he has presented no evidence in support of any such allegation.  Accordingly, even if the Court finds the Petitioner to make such an argument, the application should be denied.

## CONCLUSION

For all the reasons set forth above, the government respectfully requests that petitioner Juan Hernadez's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By: _____
Whitman G.S. Knapp
Assistant U.S. Attorney
(718) 254-6107

cc:    Juan Hernandez, Reg. No. 50461-054
       M.D.C. Brooklyn
       80-29th Street
       Brooklyn, NY  11232
       (via express mail)

## CERTIFICATE OF SERVICE

       I hereby certify that I caused a copy of the government's attached memorandum of law, and all exhibits thereto, to be served this day by express mail on:

                    Juan Hernandez
                    Reg. No. 50461-054
                    M.D.C. Brooklyn
                    80-29th Street
                    Brooklyn, NY  11232

                    _____
                    Whitman G.S. Knapp
                    Assistant U.S. Attorney
                    (718) 254-6107

Dated:  Brooklyn, New York
       May 19, 2008

# EXHIBIT A

U.S. Department of Justice
Federal Bureau of Prisons

Reformatted 3/20/2006

# Program Statement

|  |  |
|---|---|
| **OPI:** | CPD/CSB |
| **NUMBER:** | P5270.07 |
| **DATE:** | 12/29/1987 |
| **SUBJECT:** | Inmate Discipline and Special Housing Units |

This Program Statement transmits policies and procedures prescribed for Inmate Discipline and Special Housing Units.  This Program Statement becomes effective January 4, 1988.  This effective date means that the new rules and procedures will apply to the processing of all acts of misconduct committed at and after 12:01 a.m. on January 4, 1988.

\s\
J. MICHAEL QUINLAN
Director

**[Bracketed Bold - Rules]**
Regular Type - Implementing Information

NOTE:  ONLY SIGNIFICANT CHANGES IN THE FORMER PROGRAM STATEMENT ON INMATE DISCIPLINE (P.S. 5270.6) ARE INDICATED BY THE FOLLOWING SYMBOL:*

P5270.07
12/29/1987
Chapter 4, Page 10

[TABLE 3 (Cont'd)
MODERATE CATEGORY

| CODE | PROHIBITED ACTS | | SANCTIONS |
|------|-----------------|---|-----------|
| 300 | Indecent Exposure | A. | Recommend parole date rescission or retardation. |
| 301 | (Not to be used) | | |
| 302 | Misuse of authorized medication | B. | Forfeit earned statutory good time or non-vested good conduct time up to 25% or up to 30 days, whichever is less, and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended). |
| 303 | Possession of money or currency, unless specifically authorized, or in excess of the amount authorized | | |
| 304 | Loaning of property or anything of valve for profit or increased return | B.1 | Disallow ordinarily up to 25% (1-14 days) of good conduct time credit available for year (a good conduct time   sanction may not be suspended). |
| 305 | Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels | | |
| 306 | Refusing to work, or to accept a program assignment | C. | Disciplinary Transfer (recommend). |
| 307 | Refusing to obey an order of any staff member (May be categorized and charged in terms of greater severity, according to the nature of the order being disobeyed; e.g., failure to obey an order which furthers a riot would be charged as 105, Rioting; refusing to obey an order which furthers a fight would be charged as 201, Fighting; refusing to provide a urine sample when ordered would be charged as Code 110) | D. | Disciplinary segregation (up to 15 days). |
| | | E. | Make monetary restitution. |
| | | F. | Withhold statutory good time.] |
| 308 | Violating a condition of a furlough | | |
| 309 | Violating a condition of a community program | | |
| 310 | Unexcused absence from work or any assignment | | |
| 311 | Failing to perform work as instructed by the supervisor | | |
| 312 | Insolence towards a staff member | | |

[TABLE 3 (Cont'd)
MODERATE CATEGORY (Cont'd)

| CODE | PROHIBITED ACTS | | SANCTIONS |
|------|-----------------|---|-----------|
| 313 | Lying or providing a false statement to a staff member. | G. | Loss of privileges: commissary, movies, recreation, etc. |
| 314 | Counterfeiting, forging or unauthorized reproduction of any document, article of identification, money, security, or official paper. (May be categorized in terms of greater severity according to the nature of the item being reproduced; e.g., counterfeiting release papers to effect escape, Code 102 or Code 200) | H. | Change housing (quarters). |
| | | I. | Remove from program and/or group activity. |
| | | J. | Loss of job. |
| | | K. | Impound inmate's personal property. |
| | | L. | Confiscate contraband. |
| 315 | Participating in an unauthorized meeting or gathering | M. | Restrict to quarters. |
| | | N. | Extra duty.] |
| 316 | Being in an unauthorized area | | |
| 317 | Failure to follow safety or sanitation regulations | | |
| 318 | Using any equipment or machinery which is not specifically authorized | | |
| 319 | Using any equipment or machinery contrary to instructions or posted safety standards | | |
| 320 | Failing to stand count | | |
| 321 | Interfering with the taking of count | | |
| 322 | (Not to be used) | | |
| 323 | (Not to be used) | | |
| 324 | Gambling | | |
| 325 | Preparing or conducting a gambling pool | | |
| 326 | Possession of gambling paraphernalia | | |
| 327 | Unauthorized contacts with the public | | |
| 328 | Giving money or anything of value to, or accepting money or anything of value from: another inmate, or any other person without staff authorization | | |

P5270.07
12/29/1987
Chapter 4, Page 12

P5270.07
12/29/1987
Chapter 4, Page 13

[TABLE 3 (Cont'd)
MODERATE CATEGORY (Cont'd)

| CODE | PROHIBITED ACTS | SANCTIONS |
|------|-----------------|-----------|
| 329 | Destroying, altering or damaging government property, or the property of another person, having a value of $100.00 or less | Sanctions A-N] |
| 330 | Being unsanitary or untidy; failing to keep one's person and one's quarters in accordance with posted standards | |
| 331 | Possession, manufacture, or introduction of a non-hazardous tool or other non-hazardous contraband (Tool not likely to be used in an escape or escape attempt, or to serve as a weapon capable of doing serious bodily harm to others, or not hazardous to institutional security or personal safety; Other non-hazardous contraband includes such items as food or cosmetics) | |
| 332 | Smoking where prohibited | |
| 397 | Use of the telephone for abuses other than criminal activity (e.g., conference calling, possession and/or use of another inmate's PIN number, three-way calling, providing false information for preparation of a telephone list). | |
| 398 | Interfering with a staff member in the performance of duties. (Conduct must be of the Moderate Severity nature.)  This charge is to be used only when another charge of moderate severity is not applicable. | |
| 399 | Conduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons. (Conduct must be of the Moderate Severity nature).  This charge is to be used only when another charge of moderate severity is not applicable. | |

# EXHIBIT B

BP-S288.052 **INCIDENT REPORT** CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE

\# 1616742

FEDERAL BUREAU OF PRISONS

| 1. Name Of Institution: MDC BROOKLYN | | | |
|---|---|---|---|
| Part I - Incident Report | | | |

| 2. Name Of Inmate<br>HERNANDEZ, JUAN | 3. Register Number<br>50461-054 | 4. Date Of Incident<br>7-4-2007 | 5. Time<br>3:40PM |
|---|---|---|---|
| 6. Place Of Incident<br>Unit J73 CELL J05-703 | 7. Assignment<br>UNASSG | 8. Unit<br>J73 | |
| 9. Incident<br>POSSESSION OF A NON HAZARDOUS TOOL | | | CODE:<br>331 |

11. Description Of Incident (Date:7-4-2007.Time:4:00PM Staff become aware of incident)

ON JULY 4, 2007 AT APPROXIMATELY 3:40PM WHILE CONDUCTING A RANDOM SHAKEDOWN OF CELL J05-703 IN WHICH INMATE'S HERNANDEZ, JUAN #50461-054 AND PEREZ, EDWIN #69457-053 ARE ASSIGNED TO, I FOUND 145 NEWPORT BRAND CIGARETTES CONCEALED BEHIND THE TOILET PAPER HOLDER .

| 12. Signature Of Reporting Employee | Date And Time<br>7-4-07 4:30PM | 13. Name And Title (Printed)<br>W. OBANDO SIS TECHNICIAN | |
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By<br>Act Lt. D Gon | | 15. Date Incident<br>Report Delivered<br>7/4/07 | 16.time Incident<br>Report Delivered<br>8:10pm |

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident I/m states," No comment!

| 18. A. It Is The Finding Of The Committee That You: | B. ✗ The Committee Is |
|---|---|
| ___ Committed The Following Prohibited Act. | Referring The Charge(s) To The DHO<br>For Further Hearing. |
| ___ Did Not Commit A Prohibited Act. | C. ___ The Committee Advised The<br>Inmate Of Its Finding And Of The<br>Right To File An Appeal Within 15<br>Calendar Days. |

19. Committee Decision Is Based On The Following Information Referance To DHO BASED ON SEVERITY OF CODE 331. THE NATURE OF THIS INDIVIDUAN I/R CAUSES MANY SECONDARY PROBLEMS IN REGARDS TO THE MANAGEMENT OF I/M'S [ILLEGIBLE] & CORRECTIONAL SETTING.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act) IF FOUND GUILTY, UDC RECOMMENDS (15) DAYS D/S, (10) MONTHS LP VISIT, (10) MONTHS LP COMM .

21. Date And Time Of Action 7/6/07 1:20 (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

| P. Murphy | A. Rosado | |
|---|---|---|
| Chairman (Typed Name/signature) | Member (Typed Name) | Member (Typed Name) |

# EXHIBIT C

BP-S294.052 **NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)** CDFRM
MAY 94

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| | MDC Brooklyn |
| | Institution |
| | 7-6-2007 |
| | Date |

TO: HERNANDEZ, JUAN                          Reg. No.: 50461-054

ALLEGED VIOLATION(S): POSSESSNG A NON-HAZARDOUS TOOL

DATE OF OFFENSE: 7-04-2007                    Code No.: 331

You are being referred to the DHO for the above charge(s).

The hearing will be held on:    Next Avail.    at    N/A    (A.M./P.M.) at the following location:

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _____ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) ✗ wish to have witnesses.

NAME:                                        Can Testify to:

NAME:                                        Can Testify to:

NAME:                                        Can Testify to:

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 7-6-2007        SIGNATURE: X _____

Notice of hearing before DHO given inmate    7-6-07 / 25 by    P. McFarland
                                             Date/Time              Staff Printed Name/Signature

(This form may be replicated via WP)                         Replaces BP-294(52) of JAN 88

# EXHIBIT D

BP-S293.052 **INMATE RIGHTS** DISCIPLINE HEARING CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: _HERNANDEZ, JUAN_____ Reg. No.: __50461-054_

Inmate Signature: X _Juan Carlos Hernandez_____ Date: _7-6-2007_

Notice of rights given to inmate(Date/time): _7-6-2007___ /25

by: ____ P. McFarland _____
                Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-S293(52) of JAN 86.